### JORDAN v. O'CONNOR et al.

*(Superior Court of New York City, Special Term.* September 29, 1891.)

INJUNCTION—RESTRAINING ADVERTISEMENT—LIBEL OF PROPERTY.

Plaintiff owned a collection of models known as "Dr. Kahn's Museum of Anatomy." Defendant, who was the owner of certain models, advertised them for sale, and falsely described them in his advertisements as "lately forming the major part of Dr. Kahn's celebrated museum of anatomy." *Held,* that defendant would be enjoined from selling his models as part of the Kahn museum.

Action by Louis J. Jordan against Eugene O'Connor, doing business under the name of George A. Leavitt & Co., and Louis Strassburger, to restrain defendants from selling certain models as part of a collection owned by plaintiff. A preliminary injunction was granted, by the terms of which it was "ordered that the defendants, and each of them, their agents, servants, employes, or attorneys, refrain from selling or offering for sale the collection owned or said to be owned by the defendant Strassburger, or any one claiming under him, as ever forming a part of Dr. Kahn's museum of anatomy or anthropology, or in any way using the name 'Kahn' in connection with said collection." The injunction also ordered that the distribution of catalogues describing said collection as "lately forming the major part of Dr. Kahn's celebrated musem of anthropology" be discontinued, and that at the time the said museum is sold the auctioneer distinctly state before the beginning of said sale that this action has been brought, and that by it the plaintiff claims that the collection they are selling was erroneously described on said catalogues as a part of Dr. Kahn's museum, and that the plaintiff claims the same never has been any part of said museum owned by this plaintiff, Louis J. Jordan, and that the name "Kahn," and the right to use said name, is not sold with the collection they are selling. Plaintiff moves to continue the preliminary injunction. Granted.

*R. M. Johnston,* for plaintiff.

MCADAM, J. The plaintiff owns a collection of specimens, numbering 2,500, valued at $50,000, which has for 20 years been on exhibition in this city and London under the name of "Dr. Kahn's Museum of Anatomy" and "Dr. Kahn's Anthropological Museum." The defendant Strassburger is the owner of about 100 models, which he has offered at a private sale for $400, and is now offering at auction by means of advertisements and circulars describing them as "lately forming the major part of Dr. Kahn's celebrated museum of anatomy;" and the object of the suit is not to enjoin the sale, but to restrain the defendants from selling the Strassburger models as part of Dr. Kahn's collection, on the ground that such a sale would deceive the public, and cause the plaintiff irreparable damage, by deteriorating the value of his property. The facts are not denied, and the plaintiff, on equitable principles, is entitled to the relief prayed for. To illustrate: It is evident that the owner of an inferior lot of horses would not be allowed to auction off the animals as forming the major part of Bonner's, Lorillard's, Belmont's, or other well-known stables, if the statement was without truth, for the reason that it would injure the proprietors of these stables, the scope and extent of which would be inca-

pable of proof in an action by them for damages. Next, it would deceive the public, induce persons to buy who otherwise might not, and to offer prices becoming the celebrity of the stables to which the horses were fraudulently represented to belong. The same rule would apply to works of art, and the like, where the celebrity of the artist, collector, or owner lends character and value to the subject of the sale. By analogy, see Hoff. Prov. Rem. 236 et seq. Property offered at auction must be truthfully described. Any other mode is fraudulent, and may be denominated a "Peter Funk" sale, with all that term implies. The auctioneers have evidently been imposed upon, and they are made parties to apprise them of the true state of facts. The motion to continue the temporary injunction must be granted.